MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dino Bennetti,<br><br>    Petitioner,<br><br>v.<br><br>Joseph Profiri, et al.,<br><br>    Respondents. | No. CV 19-05244-PHX-DGC (JFM)<br><br>**ORDER** |

On September 23, 2019, Petitioner Dino Bennetti, who is confined in the Arizona State Prison Complex-Lewis (ASPC-Lewis) in Buckeye, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed In Forma Pauperis. In an October 18, 2019 Order, the Court granted the Application to Proceed and dismissed the Petition because Petitioner had failed to use a court-approved form. The Court gave Petitioner thirty days to file an amended petition on a court-approved form.

On October 25, 2019, Petitioner filed an Amended § 2254 Petition (Doc. 6). The Court will dismiss the Amended § 2254 Petition and this action.

**I.     Amended § 2254 Petition**

Petitioner alleges that he was convicted in Maricopa County Superior Court, case #CR 90-90602, of first-degree murder, armed robbery, kidnapping, and theft and that he was sentenced to imprisonment for 25 years to life for the murder conviction, 10.5 years each for the armed robbery and kidnapping convictions, and a concurrent 6 years for the

theft conviction.  In his Amended § 2254 Petition, Petitioner names former Arizona Department of Corrections (ADC) Acting Director Joseph Profiri as Respondent.[1]

In **Ground One**, Petitioner alleges that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment.  He claims he was raped multiple times in January and February 2019; has been assaulted on numerous occasions since June 2017; and has lost some of his property.  Petitioner contends that after the assaults and rapes, he was "bounced around" various prison units and ended up in the Refuse to House section of ASPC-Lewis's Rast Max Unit.  Petitioner claims that when he arrived at the Rast Max Unit in June 2019, he discovered that his "custody level and score [were] 'maxed out'" based on four non-dangerous disciplinary "tickets."  He contends that pursuant to the prison's disciplinary and reclassification policies, his score was incorrectly calculated.  Petitioner alleges there was a "failure to protect"; he is in indefinite solitary confinement "for no other reason but to discriminate"; he is suffering physically and mentally; and he has lost most of his property, his "rightfully earned medium custody status," and the ability to purchase regular commissary items, use the phone, or attend recreation "without being in a cage."

In **Ground Two**, Petitioner alleges that his Fourteenth Amendment rights to due process and equal protection have been violated.  He claims he has lost privileges indefinitely because he requested additional protection after he had been assaulted and raped in protective segregation.  Petitioner contends the ADC Director is responsible for ensuring that Petitioner is provided "protection, that at a minimum, is equiv[a]lent to that of any other inmate in a County jail or state or federal prison"; ensuring that corrections staff "do the job they were hired to do"; and implementing "policies to be enforced." Petitioner contends the Director is liable for neglecting his authority, allowing breaches to occur, and not enforcing policy.  Petitioner alleges that because "this is not just a claim of negligence on the Director, but a deprivation of federal law as well as state law, along with willful misconduct," it constitutes a breach of his plea agreement, which does not indicate

---

[1] The new ADC Director is David Shinn.

1 | that he will be assaulted or raped because of the crimes he committed. Petitioner also contends that he was "verbally sexually assault[ed]" by a corrections officer and that when other prison officials were notified, the corrections officer was only moved to a different unit. Petitioner requests a declaratory judgment and to be moved to a different prison or the County Jail.

## II. Discussion

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curium) (citation omitted); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). Petitioner is challenging his conditions of confinement, not his custody.

If a prisoner seeks civil rights relief by filing a habeas petition, he has mislabeled his case and is entitled to have his action treated as a claim for relief under civil rights law. *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974). The Court, in its discretion, declines to treat Petitioner's action as a civil rights action because Petitioner is raising substantially similar claims in two pending civil rights actions, *Bennetti v. Coleman*, CV 19-05021-PHX-DGC (JFM); and *Bennetti v. Ryan*, CV 19-05417-PHX-DGC (JFM). Thus, the Court will dismiss Petitioner's Amended § 2254 Petition and this action.

**IT IS ORDERED:**

(1) Petitioner's Amended § 2254 Petition (Doc. 6) and this case are **dismissed without prejudice**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

1       (3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 14th day of November, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge